# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KEITH ALLEN PATTON,

    Plaintiff

v.

CITIZEN BANK, N.A., et al.,

    Defendants

Case No.: 2:18-cv-01351-APG-NJK

**Order (1) Granting Motions to Dismiss, (2) Denying Motion for Injunctive Relief, and (3) Setting Deadline to Amend**

[ECF Nos. 11, 13, 19]

    Plaintiff Keith Patton sues defendants Citizen Bank, N.A.; the Eighth Judicial District Court of Clark County, Nevada; and the law firm Garcia-Mendoza & Snavely, claiming that Citizen Bank improperly sued to recover on a loan in the Eighth Judicial District Court after that debt had been discharged through bankruptcy proceedings. Defendant Garcia-Mendoza & Snavely employs Maria Garcia-Mendoza, who was appointed as an arbitrator in the state court case.

    Patton moves to enjoin the defendants from proceeding further in the state court action. Defendants Eighth Judicial District Court and Garcia-Mendoza & Snavely oppose and move to dismiss, arguing that any alleged violation of the bankruptcy discharge injunction in 11 U.S.C. § 524 must be raised in the bankruptcy court. They also argue that there was no violation of the discharge injunction because Patton's loan was a student loan that cannot be discharged through bankruptcy absent an adversary proceeding, which did not occur. They also contend the request for injunctive relief is moot because the state court case has concluded. Finally, they assert they are entitled to judicial immunity. Citizen Bank joins these arguments and moves to dismiss.

    Patton responds that I should deny the defendants' motions because they did not support them with a declaration or affidavit, the motions are premature because there is no scheduling

order and the motions were filed before the deadline for dispositive motions, and the defendants have failed to timely file an answer to the amended complaint. Patton also argues this court has jurisdiction because he has alleged a violation of federal law. And he asserts I can grant injunctive relief in the form of vacating the state court judgment under *Ex Parte Young*. Finally, he requests leave to amend his complaint to assert additional claims and add parties, including the state court district judge, Citizen Bank's lawyer, and the arbitrator.

I grant the defendants' motion to dismiss. Patton's claims are based on alleged violations of the bankruptcy discharge injunction, so he must seek relief in the bankruptcy court. I deny Patton's request for injunctive relief because I am dismissing his amended complaint and because the state court proceedings have concluded. I deny leave to amend as to current defendants Eighth Judicial District Court and Garcia-Mendoza & Snavely, and as to proposed defendants Eva Garcia-Mendoza and the state court judge, because these defendants would be entitled to absolute judicial or quasi-judicial immunity, so amendment would be futile. I grant leave to amend as to Citizen Bank if Patton can assert a claim founded on something other than the alleged violation of the discharge injunction.

**I. ANALYSIS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. Procedural Challenges

Patton raises three procedural challenges to the defendants' motions to dismiss: (1) the defendants did not support their motions with a declaration or affidavit, (2) the motions are premature because they were filed before the deadline for dispositive motions, and (3) the defendants have failed to timely file an answer. None of these provides a basis to deny the motions. The defendants have moved to dismiss, not for summary judgment, so they do not have to support their motions with a declaration or affidavit. There is no requirement that a defendant wait for a scheduling order or the dispositive motion deadline to move for dismissal. Finally, the defendants timely responded to the amended complaint by filing their motions to dismiss. *See* Fed. R. Civ. P. 12(a)(4), (b).

### B. Bankruptcy Discharge

In *Walls v. Wells Fargo Bank, N.A.*, the Ninth Circuit explained that, because the Bankruptcy Code provides no private right of action for violation of a bankruptcy court's discharge order, a plaintiff cannot bring a functionally equivalent claim under the Fair Debt Collection Practices Act. 276 F.3d 502, 510 (9th Cir. 2002). The court reasoned that allowing a functionally equivalent claim to proceed "would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt." *Id.* Patton therefore cannot pursue his claims that the defendants violated the discharge injunction through his claims in this proceeding.

Patton's reliance on *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004) is misplaced. I am bound to follow Ninth Circuit law. *See Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933 (9th Cir. 1981) ("District courts are bound by the law of their own circuit."); 28 U.S.C. § 41.

Patton also cites to various bankruptcy court cases. But bankruptcy courts cannot overrule controlling Ninth Circuit authority. Moreover, the cases Patton cites do not assist him. *In re Arzuaga* held that the discharge injunction did not apply because the debt collector was pursuing post-petition debts that were not discharged. *See* No. 03-01215 BKT, 2012 WL 1120673, at *3 (Bankr. D.P.R. Apr. 3, 2012). In contrast, Patton contends that his loan was discharged in bankruptcy, but Citizen Bank nevertheless sought to collect on this pre-petition debt in violation of the discharge injunction. Next, Patton cites *In re Wilkinson*, No. ADV 11-05056, 2012 WL 112945 (Bankr. W.D. Tex. Jan. 12, 2012). But that case did not involve a violation of a bankruptcy discharge injunction. Rather, the debtor there alleged that the creditor foreclosed on property in violation of the bankruptcy court's sale orders. *Id.* at *2. Patton also cites to *In re Frambes*, but that court held that the debtor's claims were based on post-petition conduct and thus did not constitute property of the bankruptcy estate. 454 B.R. 437, 443 (Bankr. E.D. Ky. 2011). The *Frambes* court otherwise agreed with *Walls*' "well-reasoned analysis . . . that the only remedy for a debtor aggrieved by a violation of the discharge injunction is to seek relief by virtue of a motion in the main bankruptcy proceeding." *Id.* Finally, Patton relies on *In re Atwood*, 452 B.R. 249 (Bankr. D.N.M. 2011). But that case rejected *Walls*' analysis, an option I do not have. *Id.* at 252-53.

"Because [Patton's] remedy for violation of § 524 no matter how cast lies in the Bankruptcy Code," his "simultaneous" civil claims are "precluded." *Walls*, 276 F.3d at 511. I therefore dismiss Patton's claims without prejudice to him pursuing relief in bankruptcy court.

### C. Amendment

Patton seeks leave to amend to add additional claims and parties, including the arbitrator and judge in the state court proceeding. The defendants argue that amendment would be futile because his claims are based on a violation of the discharge injunction and because the proposed defendants would be entitled to absolute judicial or quasi-judicial immunity.

Generally, a plaintiff may amend its complaint "once as a matter of course within . . . 21 days after serving it," or within 21 days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). I consider five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff has previously amended the complaint. *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Whether to grant leave to amend lies within my discretion. *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

I deny leave to amend as to defendants Eighth Judicial District Court, Garcia-Mendoza & Snavely, Eva Garcia-Mendoza, and the state court district judge because those defendants would be entitled to absolute judicial or quasi-judicial immunity. *See State v. Second Judicial Dist. Court ex rel. Cty. of Washoe*, 55 P.3d 420, 423-27 (Nev. 2002). I grant leave to amend as to Citizen Bank if Patton can properly state a claim founded on something other than the alleged violation of the discharge injunction.

/ / / /

### D. Motion for Injunctive Relief

Patton seeks to enjoin the defendants from further pursuing the state court proceedings. I deny his motion as moot because now that I have dismissed his amended complaint, there is no operative complaint. Additionally, the state court proceedings have concluded so there is nothing to enjoin.[1]

## II. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motions to dismiss **(ECF Nos. 13, 19) are GRANTED**.

IT IS FURTHER ORDERED that the plaintiff's motion for injunctive relief **(ECF No. 11) is DENIED**.

IT IS FURTHER ORDERED that the plaintiff may file an amended complaint consistent with the instructions in this order on or before July 24, 2019. Failure to file a second amended complaint by that date will result in dismissal of this case, without prejudice to the plaintiff pursuing remedies in the bankruptcy court.

DATED this 24th day of June, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] I can take judicial notice of the status of the state court proceedings without converting the defendants' motions to dismiss into ones for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); Fed. R. Evid. 201(b).